PER CUR.
The Court is of opinion, That there is no error in so much of the decree, as establishes the verbal gift, made by Susanna Simmons to Susanna Edwards, one of the children of Henry Simmons, of the negro girl Joan, and her increase; and as adjudges the same a good appointment of the said slave to the said Susanna Edwards, pursuant to the power given to the said Susanna Simmons, by the will of her husband Henry Simmons, in the decree and proceedings mentioned; nor as orders the appellant Henry Morris, to deliver to the appellees, and the said David Jackson, the said slave Joan and her increase, and to account for their profits: Rut, that there is *444 error in so much of the said decree as declares and determines, that the appellants are not entitled to any other part of the estate, which the said Henry Simmons empowered his widow to distribute amongst his children: This Court being of opinion, That so much of that part of the said Henry Simmons’s estate, as was not, by proper act or deed, distributed by the said Susanna Simmons, to and amongst the children of the said Henry Simmons, in execution of the power aforesaid, remained as part of the residuary estate of the said Henry Simmons, undisposed of by his will;* and ought to be divided amongst all his children, according to the directions of the statute made for the distributions of intestates’ estates: That the said _Susanna Simmons had no authority, under the power given by the said will, to distribute or appoint any part of the said estate to grand-children,t or to any person or persons, other than the children† of the said Henry Simmons: That the appellants are entitled to a distributive share of the residuary estate of the said Henry Simmons, their grandfather, in right of their mother, Susanna Edwards, deceased, who was one of the children of the said Henry Simmons; and that, after an account thereof taken, their distributive share or shares thereof should be decreed to them, according to law. ‡ Therefore, so much of the said decree as is before stated to be erroneous, is to be reversed, with costs; but, the residue is to be affirmed: And, the cause is to be remanded to the High Court of Chancery, for further proceedings to be had therein, according to the principles of this decree.

[* Crossling v. Crossling, 2 Cox's R.396.]

[† Hudsons v. Hudson’s adm’r. et al. 6 Munf. 352, 356; Sugden on Pow. ch. 7, sec. 5 note (b.)]

[‡ Hudsons v. Hudson’s adm’r, et al. 6 Munf. 352; Knight v. Yarbrough, Gilmer 27. See on this subject, Mr. Sugden’s Practical Treatise of Powers, 555-561, and the cacses cited in note (o), 2 Lond, ed.]